Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ISMAEL MARRERO BERRÍOS<br><br>Recurrente<br><br>v.<br><br>JUNTA DE RETIRO DEL GOBIERNO DE PUERTO RICO<br><br>Recurridos | TA2025RA00224 | *Revisión Administrativa* procedente de la Junta de Retiro del Gobierno de Puerto Rico<br><br>Caso Núm. 2025-0003<br><br>Sobre: Reajuste de Pensión Plan de Ajuste |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de octubre de 2025.

El recurrente, Ismael Marrero Berríos, comparece ante nos para que dejemos sin efecto la *Resolución* emitida el 14 de agosto de 2025, por la Junta de Retiro del Gobierno de Puerto Rico (Junta de Retiro). Mediante la misma, el referido organismo confirmó la determinación del Director Ejecutivo de denegar el reajuste de la pensión del recurrente.

Por los fundamentos que expondremos a continuación, se *confirma* la **Resolución** administrativa recurrida.

**I**

Conforme surge del expediente administrativo ante nuestra consideración, el señor Marrero Berríos se desempeñó como Ayudante Tubero en la Autoridad de Acueductos y Alcantarillados de Puerto Rico (AAA), hasta su separación del servicio público el 25 de abril de 2007, efectiva el 1 de julio de 2009. Durante su carrera laboral, cotizó un total de 19.5 años al Sistema de Retiro.

Surge del expediente que, el 4 de julio de 2006, el recurrente sufrió un accidente mientras laboraba para la AAA, por el cual fue compensado conforme a la Ley del Sistema de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 del 18 de abril de 1935, 11 LPRA sec. 1 *et seq*. A raíz del incidente, el 10 de abril de 2008 completó una *Solicitud de Incapacidad Ocupacional* conforme a la Ley Núm. 447 del 15 de mayo de 1951, 3 LPRA sec. 761 *et seq*. Evaluada la petición, el 24 de abril de 2009, la Junta de Retiro le notificó la aprobación de una pensión por *Incapacidad No Ocupacional*, al concluir que la condición alegada no guardaba relación con el accidente compensado por el Fondo del Seguro del Estado. Inconforme con la determinación, el 19 de mayo de 2009 el señor Marrero Berríos presentó una apelación ante la Junta de Retiro solicitando el reajuste de su clasificación de incapacidad. Sin embargo, mediante *Resolución del Caso Núm. 2009-0131*, emitida el 31 de mayo de 2011 y notificada el 21 de julio de ese mismo año, la Junta de Retiro denegó el reajuste solicitado.

Pasados más de diez (10) años, el 30 de octubre de 2024, el señor Marrero Berríos presentó una nueva solicitud de reajuste en la cual peticionó que su pensión fuese catalogada a causa de una Incapacidad Ocupacional. Acompañó su petición con una *Certificación de Compensabilidad* emitida por la Corporación del Fondo del Seguro del Estado el 11 de octubre de 2024, junto a copia de su récord médico.

Luego de evaluar la referida solicitud de reajuste, el 18 de diciembre de 2024, mediante *Carta Certificada con Acuse de Recibo*, el Director Ejecutivo de la Junta de Retiro notificó su determinación, mediante la cual denegó el cambio solicitado. Explicó que, conforme al Plan de Ajuste de la Deuda de los Sistemas de Retiro, aprobado por el Tribunal Federal, efectivo desde el 15 de marzo de 2022, al amparo de las disposiciones del Título III del *Puerto Rico Oversight,*

*Managment and Economic Stability Act* [PROMESA]*,* 48 USC sec. 2101 *et seq.,* no procedía ninguna modificación a las pensiones vigentes.

En desacuerdo, el 21 de enero de 2025, el señor Marrero Berríos presentó un *Recurso de Apelación* ante la Junta de Retiro. En su escrito, alegó que el Director Ejecutivo incurrió en error al fundamentar su decisión en la aplicación retroactiva de la Ley PROMESA. Planteó que el accidente que dio lugar a su solicitud ocurrió en el año 2006.

Luego de varios trámites procesales innecesarios de pormenorizar, el 30 de mayo de 2025, se celebró una Vista Administrativa presidida por la Oficial Examinadora, la licenciada Raquel Sosa Gierbolini. A la vista comparecieron el recurrente, su tutora y su representación legal, así como la parte recurrida, representada por el licenciado Maldonado Robles. Posterior a la culminación de la vista, la Oficial Examinadora concedió a la parte recurrente diez (10) días para presentar un memorando en derecho, e igual término a la parte recurrida para replicar.

En cumplimiento, el 12 de junio de 2025, la parte recurrente presentó su *Memorando de Derecho.* En el mismo, reiteró que la Junta de Retiro incurrió en error al fundamentar su determinación en la alegada aplicación retroactiva de la Ley PROMESA. En específico, arguyó que dicha Ley no contiene disposición alguna que autorice su aplicación a hechos anteriores a su aprobación, por lo que solicitó que se concediera el cambio de pensión de Incapacidad No Ocupacional a una de Incapacidad Ocupacional.

En respuesta, el 24 de junio de 2025, la parte apelada presentó su *Réplica a Memorando de Derecho,* reiterando que no procedía el cambio solicitado, en virtud de la Sección 55.1 del *In re The Financial Oversight and Management Board for Puerto Rico,* No. 17 BK 3283-LTS (Dist. Ct. PR) (Modified Eight Amended Title III

Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al., mejor conocido, como el Plan de Ajuste de la Deuda, aprobado conforme a la Ley PROMESA, el cual expresamente prohíbe cualquier modificación a las pensiones luego del 15 de marzo de 2022. Finalmente, reafirmó la primacía de la Ley PROMESA sobre cualquier disposición legal territorial en conflicto y solicitó la confirmación de la decisión del Director Ejecutivo.

Evaluados los escritos de las partes, el 12 de agosto de 2025, notificada el 14 del mismo mes y año, la Junta de Retiro emitió la *Resolución* recurrida. Mediante la misma, la Junta de Retiro confirmó la determinación del Director Ejecutivo de denegar el reajuste de pensión solicitado.

Aun inconforme, el 11 de septiembre de 2025, la parte recurrente compareció ante nos mediante el presente recurso de revisión administrativa. En el mismo expone los siguientes señalamientos de error:

> Erró la honorable Junta de Retiro del Gobierno de Puerto Rico al aplicar retroactivamente una ley federal la cual expresamente no dispone para tal aplicación ni tampoco en su notificación efectiva.

> Erró la honorable Junta de Retiro del Gobierno de Puerto Rico al denegar el cambio de incapacidad no ocupacional a incapacidad ocupacional al constituir la decisión de la Comisión del Fondo del Seguro del Estado y de la Comisión Industrial cosa juzgada.

Luego de examinar el expediente que nos ocupa, y contando con la comparecencia de la parte recurrida, procedemos a expresarnos.

## II

### A

La Sección 3 del Artículo IV de la Constitución de Estados Unidos de América le concede al Congreso la autoridad para adoptar leyes respecto a los territorios bajo su jurisdicción. Art. IV, Sección 3, Const. EE. UU., LPRA, Tomo 1. En virtud de tal facultad, el 30 de

junio de 2016, el Congreso aprobó el *Puerto Rico Oversight, Management and Economic Stability Act* [PROMESA], 48 USC sec. 2101 *et seq.* En lo pertinente, la referida legislación procura brindar al Gobierno de Puerto Rico y sus agencias e instrumentalidades acceso a los procesos judiciales de reestructuración de deuda. *Véase*, R. Emanuelli Jiménez, *PROMESA*, 1ra ed., Puerto Rico, Ed. SITUM, 2017, pág. 48. Específicamente, el Título III de PROMESA, *supra*, permite que ciertas entidades del Gobierno de Puerto Rico (denominadas *covered entities*) puedan hacer una petición de quiebra por conducto de la Junta de Supervisión Fiscal (*Financial Oversight and Management Board*).

Como es de conocimiento, el 3 de mayo de 2017, al amparo de la Sección 301 (a) del Título III de PROMESA, la Junta de Supervisión Fiscal presentó una petición de quiebra ante el Tribunal de Distrito Federal de Puerto Rico. La radicación de este proceso implicó "la paralización automática de los pleitos que generalmente reclaman, como parte de los remedios, una compensación monetaria. Particularmente, los pleitos presentados —o que pudieron presentarse— contra el Gobierno de Puerto Rico antes de que se iniciara la quiebra." *Requena Mercado v. Policía de Puerto,* 205 DPR 285, 291 (2020).

Acogida la petición de quiebra, el 18 de enero de 2022, el Tribunal de Distrito Federal de Puerto Rico emitió el *In re The Financial Oversight and Management Board for Puerto Rico,* No. 17 BK 3283-LTS (Dist. Ct. PR) (Order and Judgment Confirming Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Building Authority). Esta determinación confirmó el *In re The Financial Oversight and Management Board for Puerto Rico,* No. 17 BK 3283-LTS (Dist. Ct. PR) (Modified Eight Amended

Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al., mejor conocido, como el Plan de Ajuste de la Deuda (Plan de Ajuste), y consecuentemente, se determinó que el 15 de marzo de 2022 sería su fecha de efectividad. Ello produjo una serie de consecuencias jurídicas en torno al proceso de quiebra gubernamental y los reclamos monetarios. En lo pertinente, el inciso 55.1 del Plan de Ajuste expresa lo siguiente:

> 55.1 Treatment of Retired ERS Participant Below-Threshold Claims (Class 51A):
>
> (a) *Treatment*. Each holder of an Allowed Retired ERS Participant Below Threshold Claim shall be entitled to receive on account of such Allowed Retired ERS Participant Below-Threshold Claim his or her benefits without adjustment for any Monthly Benefit Modification, but shall be subject to the elimination of any cost of living adjustments from and after the Effective Date.
>
> (b) *Preemption*. All provisions of the Commonwealth Constitution, Commonwealth statutes, executive orders, rules, regulations, and policies that create, require, or enforce employee pension and other benefits that are modified and/or preserved in whole or in part herein, to the extent inconsistent with the treatment of Allowed Retired ERS Participant Below Threshold Claims hereunder, are preempted as inconsistent with PROMESA.

**B**

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank, Inc.,* 214 DPR 473, 484 (2024); *Voili Voilá Corp. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-

2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la *razonabilidad* de la actuación del organismo. *Otero Rivera v. USAA Fed. Savs. Bank, Inc.,* supra; *Rolón Martínez v. Supte. Policía,* supra. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emitan, siempre que estén sostenidas por *evidencia sustancial* que surja de la *totalidad del expediente administrativo.* *Otero v. Toyota*, 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias*, 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su

consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra, pág. 432. Ahora bien, esta deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley; (3) cuando ha mediado una actuación irrazonable, o ilegal, y/o; (4) la actuación administrativa lesione derechos constitucionales fundamentales. *Jusino Rodríguez v. Junta de Retiro,* supra; *Voili Voilá Corp. v. Mun. Guaynabo,* supra, págs. 754-755; *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007).

### III

En la presente causa, la parte recurrente, en esencia, sostiene que la *Resolución* recurrida, mediante la cual la Junta de Retiro denegó los beneficios de un reajuste de pensión —de Incapacidad No Ocupacional a Incapacidad Ocupacional— se fundamentó en la aplicación retroactiva de la Ley PROMESA. Argumenta que tal proceder fue incorrecto, por cuanto el accidente que dio lugar a su alegada incapacidad ocurrió en el año 2006, antes de la aprobación de la referida legislación federal. A su vez, arguye que la Junta de Retiro erró al concluir que las determinaciones emitidas por el Fondo del Seguro del Estado y la Comisión Industrial constituían cosa juzgada, privándole de la oportunidad de obtener la reclasificación de su pensión. Habiendo entendido sobre los referidos señalamientos, a la luz del derecho aplicable y de los hechos establecidos, resolvemos confirmar la resolución administrativa recurrida.

Tal cual esbozado en el derecho previamente expuesto, la Sección 55.1 del Plan de Ajuste de la Deuda, aprobado conforme a la Ley PROMESA, dispone la congelación total de las pensiones del Sistema de Retiro de los empleados del Gobierno de Puerto Rico a partir de su fecha de efectividad, el 15 de marzo de 2022. En específico, el inciso (a), intitulado *Treatment*, establece que los pensionados ("Retired ERS Participants") conservarán sus beneficios de retiro según vigentes al momento de la efectividad del Plan de Ajuste, pero no estarán facultados para recibir aumentos, reajustes o modificaciones posteriores. Por su parte, el inciso (b), intitulado *Preemption*, reafirma la supremacía del derecho federal al disponer que toda disposición del ordenamiento jurídico del Estado Libre Asociado de Puerto Rico —incluyendo leyes, reglamentos, órdenes ejecutivas o políticas administrativas— que cree, requiera o intente modificar los beneficios de retiro, queda desplazada por resultar incompatible con lo dispuesto en PROMESA.

En el presente caso, según surge del expediente administrativo ante nuestra consideración, el señor Marrero Berríos presentó la solicitud de reajuste de pensión el 30 de octubre de 2024. A esa fecha, el Plan de Ajuste ya se encontraba vigente, por lo que su Sección 55.1 estaba en pleno vigor. Según expuesto en el marco jurídico aplicable, la referida sección dispone expresamente que, a partir de su efectividad, no procede conceder modificaciones, aumentos ni reajustes a los beneficios de pensión bajo los sistemas comprendidos. Así pues, aunque el accidente que dio lugar a la alegada incapacidad ocurrió en 2006, la controversia no se circunscribe al momento del evento causal, sino al momento de la presentación de la solicitud de reajuste. Por lo tanto, no cabe hablar de aplicación retroactiva de la Ley PROMESA, pues la denegatoria de la Junta de Retiro no alteró derechos adquiridos antes de la efectividad del Plan de Ajuste, sino que respondió a una prohibición

vigente al momento de la reclamación. Lo contrario equivaldría a incumplir el efecto vinculante del Plan de Ajuste y el alcance imperativo de sus disposiciones sobre las pensiones del Sistema de Retiro.

Expuesto el razonamiento jurídico anterior, resulta inmeritorio atender el segundo señalamiento de error, ya que la determinación sobre la improcedencia de los reajustes de pensión bajo la Ley PROMESA, *supra,* agota la controversia sustantiva ante nuestra consideración. En consecuencia, un examen adicional sobre la alegada cosa juzgada no tendría efecto práctico alguno ni incidiría en la conclusión a la que hemos arribado. Así pues, por la controversia de autos ser una de estricto derecho, y toda vez la corrección de la aplicación de la norma a los hechos adjudicados por el organismo, resolvemos sostener la determinación administrativa en controversia.

**IV**

Por los fundamentos que anteceden, se confirma la Resolución administrativa recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones